FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 JAN -7  AM II: 47

U.S. DISTRICT COURT
N.D. OF ALABAMA

MAURICE CURRINGTON,                                    )
                                                        )
                              Plaintiff                 )
                                                        )
                                                        )   ENTERED
SWINTON GLAZE, WILLIE JENKINS, THEODORE                 )
TAYLOR, Jr., MAURICE THRASH, KEVIN McDANIEL,            )
DARREYL KEMP,  ROBERT BEDGOOD, SHONNE GUY,              )   JAN 0 7 1999
CORNELL L. HILL, TRACY L. NICHOLS,                      )
MARK STEVENSON, FRED WELDON, III,                       )
SEBASTIAN THOMAS, DONELL                                )   Civil Action Number
HORSTEAD, and LARRY HATCHER, Jr.,                       )
                                                        )       97-C-2996-S
                              Intervenors                )
                                                        )
vs.                                                     )
                                                        )
BIRMINGHAM BUDWEISER DISTRIBUTION                       )
COMPANY, INC.,                                          )
                                                        )
                              Defendant.                 )


**MEMORANDUM OPINION ON DEFENDANT'S MOTION TO STAY**


The defendant Birmingham Budweiser Distributing Company, Inc. ("Budweiser") has

moved the court to stay this action pending arbitration of the intervenors' claims, pursuant to 9

U.S.C. §§ 2, 3 ("the Arbitration Act"). For the reasons which follow, the motion will be denied,

although the claims of certain intervenors will be dismissed without prejudice.

I

Budweiser former and current employees Swinton Glaze, Willie Jenkins, Theodore

Taylor, Jr., Maurice Thrash, Kelvin McDaniel, Darreyl Kemp, Robert Bedgood, Shonne Guy,

1

49

Corneil L. Hill, Tracy L. Nichols, Mark Stevenson, Fred Weldon, III, Sebastian Thomas, Donell Horstead, and Larry Hatcher, Jr., intervened in this action in which plaintiff Maurice Currington alleges racial discrimination in employment.

The January 1997 Employee Handbook promulgated by Budweiser sets forth, *inter alia,* a Dispute Resolution Procedure ("DRP"). Under the DRP, "...all disputes which arise between employees of the Company or its managers based on any claim pertaining to or arising from employment of the individual which cannot be resolved internally [must] be submitted to binding arbitration." DRP, p. 3. The arbitration is to be conducted in accordance with the federal and state arbitration laws. As a condition of their employment, all employees hired after January 1997 are required to submit to binding arbitration. Employees hired before that date are invited to use the system, but are not bound to do so. *See id;* Deposition ("Depo") of Pat Lynch, pp. 70-71.

The Company's arbitration procedures are fairly liberal. To invoke the arbitration process, an aggrieved employee is required to pay a $120 filing fee. A panel of seven impartial arbitrators is proposed to the aggrieved employee and the Company by the arbitration service. The parties then alternately strike from the list until only one name remains. Discovery is allowed. The parties may seek summary judgment. If summary judgment is denied, a hearing is required at which the parties may present evidence. Testimony is to be sworn. The Federal Rules of Evidence govern. A written record of the proceedings is mandated. The chosen arbitrator has the same powers as a federal judge to award damages and to grant any other relief that an employee could obtain through the courts. "Upon a proper showing," a reasonable attorney's fee and costs may be awarded. Exhibit B (Arbitration Procedures) to Court File Document 30.

Intervenors Thrash, Taylor, and Kemp were all hired after January 1997. Each of them

2

acknowledged receipt of a "Dobbs Brothers Management Services Mutual Agreement to Arbitrate Claims" ("Mutual Agreement"), which generally provides for binding arbitration of "any claims governed by this policy." Statutory claims under Title VII and Section 1981 are specifically covered by the policy. Moreover, Thrash, Taylor, and Kemp each executed an "Acknowledgement of Receipt of Employee Handbook," in which he expressed an understanding and agreement that binding arbitration of employment disputes is required. Taylor and Kemp deny that they were ever shown the Mutual Agreement and that they understood the import of the acknowledgment when they signed it.  Maurice Thrash has elected not to pursue his claim against the defendant and has been dismissed from this case.

Intervenors Nichols, Bedgood, Glaze, Stevenson, Thomas, Jenkins, Guy, McDaniel, Hill, Weldon, Hatcher, and Horstead were hired prior to January 1997.  However, the Company maintains that Stevenson, Thomas, Jenkins, Guy, McDaniel, Hill, Weldon, Hatcher, and Horstead signed post-January 1997 "Acknowledgement of Receipt of Employee Handbook." The acknowledgment reads, in relevant part:

> This will acknowledge that I have received my copy of the Company's Employee Handbook and I will familiarize myself with its contents.
> . . . .
> I also understand and agree that all disputes or claims between me and the distributorship, its managers or employees, arising out of my employment or the termination of my employment, will be submitted to and finally resolved exclusively through mandatory binding arbitration under the Federal Arbitration Act in conformity with applicable state law.

Hatcher asserts that his purported signature on the acknowledgment form is a forgery.[1]

*See* Depo. of Hatcher ¶ 3.  Weldon, Horstead, Thomas, Stevenson, McDaniel, Hill, Guy, and

---

[1]For the limited purposes of this motion, the court adopts Hatcher's version of the facts as true.

Jenkins do not deny that they signed the acknowledgment. Rather, their position is that they were presented the acknowledgment at a sales meeting, were told to sign it, and were not advised to carefully read the document before signing it. They deny that they knowingly agreed to arbitrate their Title VII and/or section 1981 claims. As noted earlier, the Handbook gave them the option of submitting to arbitration.

II

The touchstone of mandatory arbitration is *an agreement to arbitrate*, for the Arbitration Act ('the Act") does not "require parties to arbitrate when they have not agreed to do so." *Volt Info. Sciences v. Leland Stanford, Jr. Univ.*, 489 U.S. 468, 478 (1988)   Under the Act, "[a]rbitration . . . is a matter of consent, not coercion." *Id.* at 479. Although the Act creates a presumption in favor of arbitration, federal "courts are not to twist the language of the contract to achieve a result which is favored by federal policy but contrary to the intent of the parties." *Goldberg v. Bear, Stearns, & Co.,* 912 F.2d 1418-19 (11th Cir. 1990).

Where a party has agreed to arbitrate his employment discrimination claim, federal courts generally must enforce the agreement, unless the arbitration clause contains provisions that defeat the remedial purposes of the anti-discrimination laws. This is so because "the arbitrability of such claims rests on the assumption that the arbitration clause permits relief equivalent to court remedies." *Paladino v. Avnet Computer Techs., Inc.,* 134 F.2d 1054, 1062 (11th Cir. 1998).

III

As to the intervenors Taylor and Kemp, hired after January 1997, the evidence shows that as a condition of their employment, each of them agreed to arbitrate his employment

4

discrimination claims against Budweiser. It is of no moment whether they read or understood the Mutual Agreement, for the acknowledgment alone contains sufficient language to bind the employees to arbitration, even with respect to statutory claims. *See Wright v. Universal Maritime Serv. Corp.,* 119 S. Ct. 391, 397 (1998).   They chose to accept employment with Budweiser and binding arbitration rather than to decline employment. There is no evidence of a contract of adhesion. Since the arbitration machinery on its face provides remedies equivalent to those available under Title VII and Section 1981, the court has no choice other than to require these two intervenors to proceed with their claims in the arbitral forum.

Whether Weldon, Halstead, Thomas, Stevenson, McDaniel, Hill, Guy and Jenkins have agreed to arbitrate their claims is open to serious question. They contend that at a sales meeting, they were simply asked to sign a document and turn it in at the end of the meeting. That document was entitled "Acknowledgement of Receipt of Employee Handbook."  Unlike Thrash, Taylor, and Kemp, they were not required under the Handbook to agree to arbitrate their employment claims as a condition of their employment.  This acknowledgment, which contained a binding arbitration agreement, is at best ambiguous, if not deliberately misleading, for it clearly undermines the optional policy set out in the handbook, of which the parties were acknowledging receipt.  In the lexicon of contract law, there is no showing of a "meeting of the minds" with respect to an agreement by them to arbitrate all employment disputes. In these circumstances, the court cannot conclude that these intervenors have knowingly agreed to arbitrate.

Finally, the evidence leads to a conclusion that Glaze, Bedgood, Hatcher, and Nichols have simply not agreed to arbitrate their claims.

5

Conclusion

Treated as a Motion To Dismiss Without Prejudice the Claims of Intervenors Theodore

Taylor, Jr. and Darreyl Kemp, the defendant's Motion to Stay will be granted.

With respect to the other intervenors, the motion will be denied.


Done this _____ day of January, 1999.


_____
United States District Judge
U.W. Clemon

6